**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | | | |
|---|---|---|---|---|
| IN RE: | ) | | | |
| | ) | CASE NO. | 20-50012 (JAM) | |
| ALEXANDER TIMOTHY NEHRING, | ) | | | |
| | ) | CHAPTER | 13 | |
| DEBTOR. | ) | | | |
| | ) | RE: ECF NO. | 20 | |

<u>Appearances</u>

Mr. Alexander Timothy Nehring                                    *Pro se Debtor*

Roberta Napolitano                                                          *Chapter 13 Trustee*
10 Columbus Boulevard
6th Floor
Hartford, CT 06106

<u>**MEMORANDUM OF DECISION AND ORDER**</u>
<u>**GRANTING IN PART MOTION TO DISMISS CASE WITH PREJUDICE**</u>

Julie A. Manning, Chief United States Bankruptcy Judge

**I.       Introduction**

On January 6, 2020, Alexander Timothy Nehring (the "Debtor") filed a Chapter 13

petition.  On May 1, 2020, the Chapter 13 Trustee filed a Motion to Dismiss Case with Prejudice

seeking to bar the Debtor from filing a case under any chapter of the Bankruptcy Code for a

period of two years (the "Motion to Dismiss with Prejudice," ECF No. 20).

On June 11, 2020, the Court held a hearing on the Motion to Dismiss with Prejudice at

which the Debtor and the Chapter 13 Trustee appeared.  During the hearing, the Chapter 13

Trustee presented arguments in support of the Motion to Dismiss with Prejudice.  The Debtor

requested that the dismissal of his case be without prejudice.  At the conclusion of the hearing,

the Motion to Dismiss with Prejudice was taken under advisement.

On June 17, 2020, the Debtor filed a document entitled "Agreed Motion to Dismiss Without Prejudice" in which he agrees that his case should be dismissed, but again requests his case be dismissed without prejudice. ECF No. 38. The Debtor asserts, among other things, that his business opportunities have been harmed by COVID-19 and that he has a basis to challenge the debt of the secured creditor that holds a first mortgage on his principal residence.[1]

After consideration of the record in the case, the Motion to Dismiss with Prejudice, the arguments advanced at the hearing held on June 11, 2020, the Debtor's Agreed Motion to Dismiss without Prejudice, and for the reasons that follow, the Motion to Dismiss with Prejudice is granted in part: the Debtor's case is dismissed with prejudice and, as opposed to the Trustee's request that the Debtor's case be dismissed with a two year bar to filing another bankruptcy case, the Debtor is barred from filing a case under any chapter of the Bankruptcy Code for a period of one year.

**Background**[2]

1.      U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, National Association, as Trustee as Successor by Merger to Lasalle Bank, National Association as Trustee for WAMU Mortgage Pass-through Certificates Series 2006-AR13 Trust ("U.S. Bank") is the holder of a note and a mortgage on the Debtor's principal residence commonly known as 39 Dowling Drive, Ridgefield, Connecticut, 06877 (the "Property").

---

[1] Although the Debtor asserts he has a basis to challenge the secured creditor's claim, any challenge to the claim would have been addressed in the State Court Foreclosure Action before the entry of a Judgment of Foreclosure. *See* paragraphs 1 through 12 *infra*.

[2] The facts set forth herein are contained in the Motion to Dismiss with Prejudice and exhibits attached thereto, unless otherwise indicated.

2.	On April 26, 2013, U.S. Bank commenced a foreclosure action against the Debtor in Connecticut Superior Court regarding the Property (the "State Court Foreclosure Action"). *See U.S. Bank National Association v. Alexander T. Nehring*, Case No. DBD-CV-13-6012343-S.

3.	On November 3, 2014, a Judgment of Foreclosure by Sale entered in the State Court Foreclosure Action.

4.	On May 11, 2015, the Judgment of Foreclosure by Sale was opened and modified to set a new sale date of July 25, 2015.

5.	On July 24, 2015, the Debtor filed his first Chapter 13 case, which was dismissed on September 10, 2015 for failure to file required information.  *See* Case No. 15-51029.

6.	On March 21, 2016, the Judgment of Foreclosure by Sale was reopened and modified to set a new sale date of May 25, 2016.  The sale date when then rescheduled to July 30, 2016.

7.	On July 28, 2016, the Debtor filed a Chapter 7 case and received a Chapter 7 Discharge on November 16, 2016.  *See* Case No. 16-51020.

8.	On May 30, 2017, the Judgment of Foreclosure by Sale was reopened and modified to set a new sale date of September 9, 2017.

9.	On September 5, 2017, the Debtor filed his second Chapter 13 case, which was dismissed on January 19, 2018 for failure to make plan payments.  *See* Case No. 17-51098.

10.	On October 22, 2018, a Notice of Judgment of Strict Foreclosure was issued in the State Court Foreclosure Action.  A Judgment of Strict Foreclosure entered and set a law day of January 8, 2019.

11.	On January 7, 2019, the Debtor filed his third Chapter 13 case, which was dismissed on April 4, 2019.  *See* Case No. 19-50022.

12.     On December 2, 2019, the Superior Court reopened the Judgment of Strict

Foreclosure and set a new law day of January 7, 2020.

13.     On January 6, 2020, the Debtor filed the instant case, his fourth Chapter 13 case

and fifth bankruptcy case.

14.     On January 21, 2020, the Debtor filed the required Statements, Schedules,

Certifications, and a Chapter 13 Plan.

15.     On February 10, 2020, U.S. Bank filed an objection to the confirmation of the

Debtor's Chapter 13 Plan because the Plan did not provide for payment of the prepetition

mortgage arrearage and because the Plan proposed to bifurcate U.S. Bank's secured claim on the

Debtor's principal residence in violation of 11 U.S.C. § 1322(b)(2).  *See* ECF No. 17.

16.     On March 16, 2020, U.S. Bank filed a Proof of Claim asserting a secured claim of

$1,545,228.13.[3]  *See* Proof of Claim 1 ("U.S. Bank's Proof of Claim").  U.S. Bank's Proof of

Claim indicates that the amount necessary to cure the default under the note and mortgage is

$653,016.56.

17.     On May 6, 2020, the Chapter 13 Trustee also filed an objection to the

confirmation of the Debtor's Chapter 13 Plan on the grounds that, among other reasons, the

Debtor failed to make required payments under the Plan, the Plan did not conform to the proofs

of claim filed, and the Plan was not feasible.  *See* ECF No. 24.

---

[3] Section 109(e) of the Bankruptcy Code provides that only an individual with regular income
that owes, on the date of the filing of the petition, noncontingent, liquidated, secured debts of less
than $1,257,850.00 is eligible to be a debtor under Chapter 13.  *See* 11 U.S.C. § 109(e).
Therefore, the Debtor is not eligible to be a Chapter 13 debtor because his secured debt exceeds
the secured debt limitation.

18.     The hearing on the confirmation of the Debtor's Chapter 13 Plan was held on

May 7, 2020.  On May 8, 2020, an order entered denying confirmation of the Plan.  *See* ECF No.

30.

19.     The Trustee's Motion to Dismiss with Prejudice seeks dismissal with prejudice on

the grounds that (i) the Debtor has filed five bankruptcy cases on the eve of sale or law days; (ii)

the Debtor has failed to demonstrate good faith because, among other reasons, he has failed to

confirm a Chapter 13 Plan in this Chapter 13 case or in any of his prior Chapter 13 cases; and

(iii) the Debtor cannot fund a Chapter 13 Plan in the instant case.

## II.     Discussion

The Motion to Dismiss with Prejudice seeks dismissal of the Debtor's case under 11

U.S.C. §§ 1307 and 349(a).  Section 1307, which governs dismissal of Chapter 13 cases,

provides, in part, as follows:

> (c) Except as provided in subsection (f) of this section, on request of a party in
> interest or the United States trustee and after notice and a hearing, the court may
> convert a case under this chapter to a case under chapter 7 of this title, or may
> dismiss a case under this chapter, whichever is in the best interests of creditors
> and the estate, for cause…

11 U.S.C. § 1307(c).  Subsection (c) further provides "a non-exhaustive list of events that would

be considered 'for cause.'  Although not expressly enumerated in the statute, it is well

established that lack of good faith may also be cause for dismissal under § 1307(c)." *In re*

*Ciarcia*, 578 B.R. 495, 499 (Bankr. D. Conn. 2017) (internal quotation marks and citations

omitted).  A court must review the totality of the circumstances to determine whether a case

should be dismissed for lack of good faith.  *Id.* at 499-500.  The totality of the circumstances

analysis "should take into consideration whether the debtor has abused the 'provision, purpose or

spirit' of the Bankruptcy Code and whether the filing is 'fundamentally fair' to creditors." *In re*

*Armstrong*, 409 B.R. 629, 634 (Bankr. E.D.N.Y. 2009) (quoting *In re Love,* 957 F.2d 1350, 1357 (7th Cir. 1992)).

While dismissal of a case is generally without prejudice, section 349(a) "expressly grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), *subsequently aff'd,* 198 F.3d 327 (2d Cir. 1999). Section 349(a) provides that "[u]nless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349. Therefore, "if 'cause' exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling." *Casse*, 219 B.R. at 662.

The facts and circumstances surrounding the Debtor's case support the conclusion that cause exists to grant, in part, the Motion to Dismiss with Prejudice. First, it is financially impossible for the Debtor to fund a Chapter 13 Plan which complies with sections 1322 and 1325 of the Bankruptcy Code. The Debtor's Schedule J, filed under penalty of perjury, shows monthly net income of negative $1,153.81. Pursuant to U.S. Bank's Proof of Claim, the note and mortgage arrearage of $653,016.56 would require the Debtor to make a monthly plan payment of $12,092.90. Furthermore, the Motion to Dismiss with Prejudice also asserts that the Debtor has failed to make the plan payment due April 6, 2020 in the amount of $11,166.67. Dismissal with prejudice is warranted when a debtor cannot fund a Chapter 13 plan. *See In re Felberman*, 196 B.R. 678, 681 (Bankr. S.D.N.Y. 1995) ("The filing of a bankruptcy petition merely to prevent foreclosure, without the ability or the intention to reorganize, is an abuse of the Bankruptcy

6

Code."); *In re Hall*, 346 B.R. 420, 429-30 (Bankr. W.D. Ky. 2006) (dismissing Chapter 13 case with prejudice when, among other factors, the debtor proposed a plan that was not feasible according to his own Schedules).

The timing of the filing of the Debtor's bankruptcy cases also supports a finding that this case was not filed in good faith. As the chart below illustrates, all five of the Debtor's bankruptcy cases were filed just before scheduled sale or law days.

| Sale Date or Law Day | Date of Bankruptcy Filing | Bankruptcy Case Number |
|---|---|---|
| July 25, 2015 | July 24, 2015 | 15-51029 |
| July 30, 2016 | July 28, 2016 | 16-51020 |
| September 9, 2017 | September 5, 2017 | 17-51098 |
| January 8, 2019 | January 7, 2019 | 19-50022 |
| January 7, 2020 | January 6, 2020 | 20-50012 |

The pattern and timing of the filing of the Debtor's bankruptcy cases enables the Court to conclude the bankruptcy cases were filed to stay proceedings in the State Court Foreclosure Action and not for a proper bankruptcy purpose. *See In re Bolling*, 609 B.R. 454, 456-57 (Bankr. D. Conn. 2019) (dismissing a chapter 13 case with prejudice when facts showed the debtor's multiple bankruptcy filings were solely for frustrating foreclosure proceedings and without genuine bankruptcy purpose); *In re Hobbs*, 257 B.R. 778, 780 (Bankr. E.D. Va. 2000) (dismissing Chapter 13 case with prejudice as filed in bad faith based on debtor's history of filing bankruptcy petitions on the eve of deed of trust foreclosures).

Further evidence that the Debtor's case was not filed for a legitimate bankruptcy purpose is that the automatic stay provided in 11 U.S.C. § 362(a) terminated on the thirtieth day after the

filing of the case because the Debtor did not seek to continue it.  Section 362(c)(3) provides as follows:

> if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed …
>> (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;
>> (B) on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30-day period only if the party in interest demonstrates that the filing of the later case is in good faith as to the creditors to be stayed;

11 U.S.C. § 362(c)(3).  The Debtor's third Chapter 13 case, which was filed on January 7, 2019, was dismissed on April 4, 2019.  The Debtor filed this Chapter 13 case on January 6, 2020. Since the Debtor's third Chapter 13 case was pending and was dismissed within the one-year period preceding the filing of this case, the automatic stay terminated on the thirtieth day after filing of this case because the Debtor did not seek to continue the automatic stay under section 362(c)(3)(B).

Due to the specific facts and circumstances of this case and in the Debtor's prior bankruptcy cases, and for the reasons asserted in the Motion to Dismiss with Prejudice, cause exists under 11 U.S.C. § 1307(c) to dismiss the Debtor's case, and cause also exits under 11 U.S.C. § 349(a) to condition dismissal of the Debtor's case with prejudice.  Accordingly, it is hereby

**ORDERED**: Pursuant to 11 U.S.C. §§ 1307(c) and 349(a), the Trustee's Motion to Dismiss with Prejudice is granted in part, the Debtor's case is dismissed under 11 U.S.C. § 1307 (c), and in accordance with 11 U.S.C. §349(a), the Debtor is barred from filing for relief under

any chapter of the Bankruptcy Code, in any bankruptcy court, for a period of one year from the date of entry of this Order; and it is further

ORDERED: At or before 4:00 p.m. on June 19, 2020, the Clerk's Office shall serve this Order upon the Debtor at the address listed on the Debtor's petition and at any email address the Debtor may have provided to the Clerk's Office.

Dated at Bridgeport, Connecticut this 19th day of June, 2020.

Julie A. Manning
Chief United States Bankruptcy Judge
District of Connecticut